**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ART AKIANE LLC,<br><br>                  Plaintiff,<br><br>        v.<br><br>MARDEL, INC., ST. JUDE SHOP, INC.,<br>and CHRISTIANBOOK, LLC,<br><br>                  Defendants. | Civil Action No.:<br><br>Judge:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1.     Plaintiff Art Akiane LLC ("Art Akiane") brings this action against Defendants Mardel, Inc. ("Mardel"), St. Jude Shop, Inc. ("St. Jude"), and Christianbook, LLC ("Christianbook") (collectively "Defendants") because of Defendants' illicit sales and distribution of Akiane Kramarik's artwork, copyright and trademark infringement, deceptive trade practices, unfair competition, and Defendants' other violations of federal and state law.

2.     Akiane Kramarik is an internationally renowned artist who has been recognized as a gifted child prodigy and garnered international acclaim for her works.

3.     Defendants are online sellers of religiously-themed artwork and other products.

4.     Defendants sold and distributed in interstate commerce various illicit and counterfeit versions of Art Akiane's artwork without permission through their respective websites.

5.     These illicit and counterfeit versions of Art Akiane's artwork are difficult to distinguish from genuine works and are, therefore, likely to confuse and mislead the consumers who are purchasing the illicit and counterfeit works.

6.     Accordingly, Art Akiane seeks relief from this Court.

## I.      THE PARTIES

7.      Art Akiane LLC is an Illinois limited liability company with its principal place of business at 833 Central Ave., Unit 1250, Highland Park, IL 60035. Art Akiane is the intellectual property holding company of Akiane Kramarik, and Akiane Kramarik has transferred all right, title and interest in her artwork, and name and likeness, to Art Akiane.

8.      Upon information and belief, Mardel is an Oklahoma corporation with its principal place of business at 7727 SW 44th Street, Oklahoma City, OK 73179.

9.      Upon information and belief, St. Jude is a Pennsylvania corporation with its principal place of business at 21 Brookline Boulevard, Havertown, PA 19083.

10.      Upon information and belief, Christianbook is a Delaware limited liability company with its principal place of business at 140 Summit Street, Peabody, MA 01960.

## II.      STATUTORY BASIS AND NATURE OF ACTION

11.      This action is for: (1) copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq*.; (2) unfair competition of false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair competition under Illinois common law; (4) deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1-510/7; and (5) unjust enrichment under Illinois common law.

12.      Art Akiane seeks preliminary and permanent injunctive relief, and an award of its damages, Defendants' profits, and/or statutory damages, among other remedies.

## III.      JURISDICTION AND VENUE

13.      This Court has subject matter jurisdiction to hear and determine this controversy pursuant to 28 U.S.C. §§ 1331 and 1338 because the action arises under the federal Copyright Act and Lanham Act. *See* 17 U.S.C. §§ 101, *et seq*.; 15 U.S.C. §§ 1051, *et seq*.

14.     This Court has supplemental jurisdiction to hear and determine the state law claims, which arise under the statutory and common laws of the State of Illinois, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution and derive from a common nucleus of operative facts.

15.     This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that complete diversity of citizenship between the parties exists, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

16.     Venue and personal jurisdiction are proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims herein occurred in this District and Defendants have promoted infringing goods in this District.

17.     This Court has personal jurisdiction over Defendants because Defendants have continuous and systematic contacts with the state of Illinois, because they have purposefully directed their activities toward the state of Illinois causing harm suffered in the state of Illinois, because they have marketed their products for direct sale to consumers in Illinois through the Internet, and because this action is based upon activities that arise out of or relate to those contacts, among other reasons. Defendants also target consumers in Illinois in the sale of goods.

## IV.     FACTUAL BACKGROUND

### A.     Akiane Kramarik and Art Akiane

18.     Akiane comes from humble beginnings, having been born and raised in abject poverty. She began creating her artwork, including many of the Works (as defined in paragraph 31 below) at age four.

19.     Despite the challenges she faced growing up, she worked hard to develop her artistic talent, creating hundreds of original and renowned masterpieces over the past two decades.

20.     Throughout her young life, Akiane developed her skillset through no formal training: she began drawing complex and sophisticated artwork utilizing different mediums including candles, charcoal, and pencils; at the age of six, she began painting; by the age of seven, Akiane was knowledgeable in the use of color pastels and acrylic paints; and at the age of eight, she had completed a five-foot long oil painting mastering realism, and was already holding solo art exhibitions.

21.     Akiane's art has been showcased in numerous galleries and developed an international fan base that continues to grow.

22.     She has received extensive media coverage in Australia, China, Brazil, Japan, Korea, Russia, Ireland, England, Scotland, the Netherlands, France, Hungary, Poland, Lithuania, Latvia, Canada, the Middle East, and Norway.

23.     Akiane's online gallery, located at www.akiane.com, has had nearly 450 million global visitors over the past decade.

24.     Her art exhibitions have been featured in museums, galleries, embassies, universities, institutes, churches, and corporations all around the world.

25.     She has also been featured in documentaries and made hundreds of media appearances.

26.     She has been featured on the *Katie Couric Show, World News Tonight, Good Morning America, CNN, The View, Fox News*, the *Montel Williams Show*, *The Glen Beck Program*, *The Late Late Show*, *Lou Dobbs Tonight*, *Hour of Power*, *Superhuman: Genius*, *The Indigo Evolution*, *Miracle Detectives*, *Extreme Prophetic*, *Trinity Broadcast Network*, *Supreme Master Television*, and *Super Kids*.

27.     Akiane has raised hundreds of thousands of dollars globally through her charity auctions and art exhibits for the impoverished, and she has used her talents and artwork to contribute to over two hundred international and charitable foundations and fundraisers, including Northwest Medical Teams and the Smile Network.

28.     Due to her immense talent and fan base, Akiane has even been portrayed in the *New York Times* best-selling book *Heaven is For Real*, which was adapted into a 2014 film produced by Sony Pictures.

29.     Akiane's name and persona have developed enormous commercial value in promoting her artwork as a result of the public's widespread knowledge and admiration of her talents.

30.     Akiane assigned the copyright registrations for the Works, as defined below, to Art Akiane.

31.     Art Akiane owns all necessary rights to the following copyrights, registered at the U.S. Copyright Office, for the following visual works of art (the "Works"):

| Title of Work | Registration No. | Work |
|---|---|---|
| Prince of Peace | VA 1-921-911 |  |
| Father Forgive Them | VA 1-960-272 |  |

| | | |
|---|---|---|
| Jesus | VA 2-142-942 |  |
| Barefoot | VA 2-010-303 |  |
| I AM | VA 2-010-300 |  |
| Mother's Love | VA 1-925-543 |  |
| Innocence | VA 2-010-352 |  |
| On My Knees | VA 1-924-181 |  |
| Hope | VA 1-925-448 |  |

| | | |
|---|---|---|
| Co-Creation | VA 1-924-158 |  |
| The Swing | VA 2-011-840 |  |
| Love at First Sight | VA 1-924-183 |  |
| Vulnerable | VA 2-010-397 |  |

32.     Attached as Exhibit A are true and correct copies of the certificates of registration or registration information for the Works.

33.     The Works are original works of authorship, all created between 2002 and 2018.

34.     Akiane is the sole author of the Works.

35.     As the owner of the above-listed Works and pursuant to Section 106 of the Copyright Act, Art Akiane has the exclusive right to reproduce the Works, prepare derivative works of them, distribute copies to the public, and display the Works publicly.

36.     Art Akiane owns all right, title and interest in and to Akiane's name and likeness.

37.     Since at least as early as 2003, Art Akiane has also been substantially and continuously using the name and likeness of Akiane in the marketing and sale of the Works.

38.     Art Akiane owns all right, title and interest in and to Art Akiane's and Akiane's trademarks, which are imprinted on the Works that Art Akiane sells, and are extensively used in online and media advertising.

39.     By virtue of the quality and nature of the goods offered under the trademarks, the extensive sales, advertising, provision, marketing and promotion under the trademarks, and the substantially exclusive and continuous use of the trademarks for over 16 years for and in connection with the Works, the trademarks have come to symbolize and identify a source of great and valuable goodwill for and in connection with Art Akiane's goods.

40.     Art Akiane has used its trademarks in commerce throughout the United States continuously since at least 2003 for the distribution, provision, sale, marketing, advertising, and promotion of the goods associated with its marks. Attached as Exhibit B is a representative sample showing Art Akiane's use of its trademarks (the "AKIANE Marks") in connection with these goods.

41.     As a result of its widespread, continuous, and exclusive use of the AKIANE Marks to identify its goods and Art Akiane as their source, Art Akiane owns valid and subsisting rights to the AKIANE Marks.

42.     The AKIANE Marks are distinctive to both the consuming public and to those in Art Akiane's industry.

43.     Art Akiane has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the AKIANE Marks, including through online blog posts, speaking engagements, attendance and participation at media events, and publishing books and newsletters about Akiane. *See*, *e.g.*, Exhibit C.

44. Art Akiane has expended significant resources on the marketing, advertising, and promotion of the goods sold under the AKIANE Marks.

45. Consumers understand and see that the Art Akiane goods originate from Art Akiane. As a result of Art Akiane's considerable expenditures and efforts, the AKIANE Marks have come to signify the high quality of the goods designated by the AKIANE Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Art Akiane.

46. Art Akiane has protected and enforced its AKIANE Marks against past infringements, including sending numerous cease and desist letters to infringers.

**B.    Mardel's Unlawful Sales.**

47. Mardel is a company that sells religiously-themed artwork, ornaments, and various other products.

48. Mardel sells products on its website, which it also utilizes to promote and sell its goods, including, upon information and belief, to customers within the State of Illinois.

49. Art Akiane has learned that Mardel has sold and distributed in interstate commerce unlawful and illicit copies of Akiane's Works.

50. Mardel has sold and distributed in commerce unlawful and illicit copies of Akiane's Works in Illinois.

51. These copies were produced without Art Akiane's consent or authorization and are, therefore, unauthorized and/or counterfeit versions of her Works ("counterfeit Works").

52. These counterfeit Works closely resemble Art Akiane's genuine Works and are likely to cause actual confusion among consumers who believe they are purchasing genuine art.

53. However, the counterfeit Works were not genuine and were often of an inferior quality. For instance, the illicit artwork was printed on lower quality materials or used low quality colors.

9

54.     Images of Mardel's website listing the counterfeit Works for sale to the consuming public are attached as Exhibit D.

55.     Upon information and belief, the counterfeit Works may have been sourced from entities known as Art & SoulWorks, LLC and Carpentree, LLC.

56.     Art Akiane is currently prosecuting copyright infringement and other claims against Art & SoulWorks LLC and Carpentree, LLC. in a matter captioned *Art Akiane LLC v. Art & SoulWorks, LLC et al*., pending in the U.S. District Court for the Northern District of Illinois as Case No. 2:19-cv-02952 before the Hon. Edmond E. Chang.

57.     Mardel sold and distributed these illicit and counterfeit Works in commerce despite requests from Art Akiane and its representatives to cease doing so.

58.     In the alternative or in addition, and upon information and belief, Mardel's sales of the illicit and counterfeit Works were done willfully, with knowledge of Art Akiane's rights in the Works and the AKIANE Marks.

59.     Art Akiane did not authorize Mardel to use Akiane's name, identity, or likeness and Mardel had no consent to do so.

**C.      St. Jude's Unlawful Sales.**

60.     St. Jude is a company that sells religiously-themed artwork, among other products.

61.     St. Jude advertises that it is "the #1 church suppliers available on the world wide web!"

62.     St. Jude sells products on its website, which it also utilizes to promote its goods, including, upon information and belief, to customers within the State of Illinois.

63.     Art Akiane has learned that St. Jude has sold and distributed in interstate commerce unlawful and illicit copies of Akiane's works.

64.     These copies were produced without Art Akiane's consent and are, therefore, counterfeit versions of her Works.

65.     These counterfeit Works closely resemble Art Akiane's genuine Works and are likely to cause actual confusion among consumers who believe they are purchasing genuine art.

66.     However, the counterfeit Works were not genuine and were often of an inferior quality. For instance, the illicit artwork was often framed on cardboard, and used low quality colors and materials.

67.     Images of St. Jude's website listing the counterfeit Works for sale to the consuming public are attached as Exhibit E.

68.     Upon information and belief, the counterfeit St. Jude Works may also have been sourced from Art & SoulWorks, LLC and Carpentree, LLC.

69.     Art Akiane did not authorize St. Jude to use Akiane's name, identity, or likeness and St. Jude had no consent to do so.

70.     In the alternative or in addition, and upon information and belief, St. Jude's sales of the illicit and counterfeit Works were done willfully, with knowledge of Art Akiane's rights in the Works and the AKIANE Marks.

71.     Art Akiane did not authorize St. Jude's to use Akiane's name, identity, or likeness and St. Jude had no consent to do so.

**D.     Christianbook's Unlawful Sales.**

72.     Like Mardel and St. Jude, Christianbook is a company that sells religiously-themed artwork and products.

73.     Christianbook sells products on its website, which it also utilizes to promote and sell its goods, including, upon information and belief, to customers within the State of Illinois.

74. Art Akiane has learned that Christianbook has sold and distributed in interstate commerce unlawful and illicit copies of Akiane's works.

75. These copies were produced without Art Akiane's consent and are, therefore, counterfeit versions of her Works.

76. As with the counterfeit Works sold by Mardel and St. Jude, the counterfeit Works sold by Christianbook closely resemble Art Akiane's genuine Works and are likely to cause actual confusion among consumers who believe they are purchasing genuine art.

77. As with the counterfeit Works sold by Mardel and St. Jude, the counterfeit Works sold by Christianbook were not genuine and were often of an inferior quality.

78. Images of Christianbook's website listing the counterfeit Works for sale to the consuming public are attached as Exhibit F.

79. Upon information and belief, the counterfeit Works may also have been sourced from entities known as Art & SoulWorks, LLC and Carpentree, LLC.

80. Art Akiane did not authorize Christianbook to use Akiane's name, identity, or likeness and Christianbook had no consent to do so.

81. In the alternative or in addition, and upon information and belief, Christianbook's sales of the illicit and counterfeit Works were done willfully, with knowledge of Art Akiane's rights in the Works and the AKIANE Marks.

82. Art Akiane did not authorize Christianbook to use Akiane's name, identity, or likeness and Christianbook had no consent to do so.

**E.     Defendants Benefitted From Akiane's Goodwill.**

83. Upon information and belief, Defendants have received and continue to receive a benefit from their utilization of Akiane's full name, identity, likeness, and reputation including, without limitation, internet traffic to Defendants' respective websites, increased search engine

12

relevancy, and potential or actual customers who were directed to Defendants because of Defendants advertising, and sale of counterfeit products bearing images of Art Akiane's Works.

84.     Defendants' infringing acts as alleged above have caused and are likely to continue to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' goods and have and are likely to continue to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods originate from, are associated or affiliated with, or otherwise authorized by Art Akiane.

85.     In the alternative or in addition, and upon information and belief, Mardel's acts were willful with the deliberate intent to trade on the goodwill of Art Akiane's AKIANE Marks, cause confusion and deception in the marketplace, and divert potential sales of Art Akiane's goods to Mardel.

86.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Art Akiane and to its valuable reputation and goodwill with the consuming public for which Art Akiane has no adequate remedy at law.

## COUNT I
## COPYRIGHT INFRINGEMENT
## (AGAINST ALL DEFENDANTS)

87.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

88.     Art Akiane is the assignee of copyrights registered with the United States Copyright Office.

89.     Art Akiane is the true, rightful, and sole owner of the copyrights in the Works, including Copyright Registration Nos. VA 1-921-911, VA 1-960-272, VA 2-142-942, VA 2-010-303, VA 2-010-300, VA 1-925-543, VA 2-010-352, VA 1-924-181, VA 1-924-448, VA 1-924-158, VA 2-011-840, VA 1-924-183, and VA 2-010-397.

90.     By their actions alleged above, Defendants have infringed Art Akiane's copyrights by copying, displaying and/or distributing to the public by sale or transfer of ownership infringing content including direct copies and derivatives of the copyrighted materials.

91.     Defendants' acts of copyright infringement have caused and will continue to cause damage to Art Akiane, in an amount to be proven at trial.

92.     In the alternative or in addition, and upon information and belief, Defendants' copying, distribution and/or the display of the illicit and counterfeit Works was done willfully, with knowledge of Art Akiane's rights in the Works.

93.     Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

## COUNT II
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION AND FALSE
## DESIGNATION OF ORIGIN
## (AGAINST ALL DEFENDANTS)

94.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

95.     Art Akiane has valid and protectable rights in the AKIANE Marks.

96.     Defendants' unauthorized use in commerce of the AKIANE Marks as alleged above is likely to confuse, cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of its goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Art Akiane, or that Defendants are in some way affiliated with or sponsored by Art Akiane.

97.     Defendants' unauthorized use in commerce of the AKIANE Marks as alleged above constitutes use of a false designation of origin and misleading description and representation of

fact that is likely to confuse consumers in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

98.     Defendants' sales of illicit artwork with AKIANE'S Marks is likely to confuse consumers and deceive them as to an apparent affiliation between Art Akiane and Defendants when no such affiliation exists.

99.     Defendants' conduct as alleged above constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

100.    In the alternative or in addition, and upon information and belief, Defendants' unfair competition and false designation of origin was done willfully, with knowledge of Art Akiane's rights in the Akiane Marks.

101.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Art Akiane, and to its goodwill and reputation, and will continue to both damage Art Akiane and confuse the public unless enjoined by this Court. Art Akiane has no adequate remedy at law.

102.    Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT III**
**COMMON LAW UNFAIR COMPETITION**
**(AGAINST ALL DEFENDANTS)**

103.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

15

104.    Art Akiane owns all rights, title, and interest in and to the AKIANE Marks, including but not limited to all common law rights in such marks due to Art Akiane's first use of the AKIANE Marks in this district and elsewhere.

105.    Defendants' unauthorized use in commerce of the AKIANE Marks as alleged herein occurred long after Art Akiane began using the AKIANE Marks and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Art Akiane, or that Defendants are in some way affiliated with or sponsored by Art Akiane.

106.    By reason of their acts, Defendants have committed unfair competition under Illinois common law.

107.    In the alternative or in addition, and upon information and belief, Defendants' unfair competition was done willfully, with knowledge of Art Akiane's rights.

108.    Defendants' conduct is causing immediate and irreparable harm and injury to Art Akiane, and to its goodwill and reputation, and will continue to both damage Art Akiane and confuse the public unless enjoined by this Court. Art Akiane has no adequate remedy at law.

109.    Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Illinois common law, together with prejudgment and post-judgment interest.

**COUNT IV**
**VIOLATION OF THE ILLINOIS**
**UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(AGAINST ALL DEFENDANTS)**

110.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

16

111.     The Illinois Uniform Deceptive Practices Act ("UDPA"), 815 ILCS § 510/2, *et seq.* provides that a person engages in deceptive trade practices when the person "(1) passes off goods or services as those of another; (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; . . . (5) represents that goods or services has sponsorship, approval, characteristics, . . . that they do not have; . . . [or] engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding."

112.     Defendants have violated the UDPA by selling illicit and unauthorized copies of Art Akiane's Works, by using the AKIANE Marks, implying to consumers that Art Akiane is associated with Defendants, and because Defendants have used deception, fraud, false pretense, misrepresentation or concealment, suppression or omission of material facts, either expressly or by implication, in causing the false association with the intent that the public rely upon those false representations.

113.     In the alternative or in addition, and upon information and belief, Defendants' violation of the UDPA was willful, and with knowledge of Art Akiane's rights.

114.     The unauthorized use by Defendants of Art Akiane's Works and the AKIANE Marks is causing and is likely to cause substantial injury to the public and to Art Akiane, and Art Akiane has no adequate remedy at law for this injury.

115.     As a result of Defendants' unlawful business practices, Art Akiane is entitled to an order enjoining such future conduct, attorneys' fees under 815 ILCS § 510/3, and such other orders and judgments necessary.

## COUNT V
## UNJUST ENRICHMENT
## (AGAINST ALL DEFENDANTS)

116.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

117.    Art Akiane's ownership of the rights to distribute and the rights to license the use of the Works are valuable assets to Art Akiane.

118.    By selling and distributing illicit and counterfeit versions of Art Akiane's Works without permission or authorization, and profiting off the Works without paying compensation to Art Akiane, Defendants have appropriated a valuable asset belonging to Art Akiane to Art Akiane's detriment.

119.    In the alternative or in addition, and upon information and belief, Defendants' unjust enrichment was willful, and with knowledge of Art Akiane's rights.

120.    By failing to pay proper compensation to Art Akiane for the sale and use of the Works, Defendants have retained Art Akiane's benefit and such retention violates the fundamental principles of justice, equity and good conscience.

121.    As a result of Defendants' unjust enrichment, Art Akiane is entitled to damages including lost profits and the recovery of its attorneys' fees, costs, and interest.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Art Akiane respectfully request that this Court:

A.    Enter judgment in favor of Art Akiane on Counts I-V;

B.    Award Art Akiane its actual damages against Defendants in an amount to be determined at trial;

C.    Award Art Akiane with Defendants' profits from their aforementioned activities;

18

D.     Award Art Akiane with punitive damages against Defendants based upon willful and knowing infringement;

E.     Award Art Akiane with statutory damages;

F.     Award Art Akiane all of its costs and reasonable attorneys' fees in this action as authorized by 17 U.S.C. § 1203, 15 U.S.C. § 1117, 765 ILCS § 1075/55, 815 ILCS § 510/3 and other applicable laws;

G.     Award Art Akiane with pre- and post-judgment interest at the maximum legal rate and costs;

H.     Award Art Akiane an accounting for damages and for all the profits together with those profits lost by Art Akiane due to Defendants' misconduct alleged herein;

I.     Preliminarily and permanently enjoin Defendants, and their predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concert with them, or on their behalf, from:

    i.     Displaying, copying, distributing, promoting, offering, disseminating, or selling Art Akiane's copyrighted materials or any modification, derivation, or reproduction thereof;

    ii.     Using Akiane's identity without prior authorization; and

    iii.     Doing and engaging in any of the acts described above and directing Defendants to conform with each and every provision of this prayer for relief;

J.     Directing that Defendants recall and deliver up for destruction all goods, packaging, advertisements, promotions, signs, displays, and related materials incorporating or bearing the

mark AKIANE or any other marks that are a counterfeit, copy, confusingly similar variation, or colorable imitation of the AKIANE Marks or Works;

K.     Directing Defendants to transfer and assign all rights and control to any webpage, domain name, and social media site that is likely to cause confusion, mistake or to deceive consumers with the AKIANE Marks;

L.     Directing Defendants to provide an accounting of all products ever sold incorporating the Works, including the products:

      i.      currently in Defendants' inventory;

      ii.     sold by Defendants since January 11, 2007, whether directly or indirectly;

      iii.    taken into inventory by Defendants; and

      iv.     ordered by or on behalf of Defendants (including units for which a purchase order has been submitted, which are currently being loaded for shipment, or which are currently *en route* for delivery), including listing all lot or serial numbers of said products as applicable; and

M.     Grant to Art Akiane such other relief as may be just and warranted under the circumstances.

## JURY DEMAND

Plaintiff Art Akiane LLC hereby demands a jury trial on all issues so triable.

Dated: September 23, 2020           Respectfully submitted,

                           ART AKIANE LLC,

                           By:   *s/ Adam Wolek*
                           Adam Wolek
                           TAFT STETTINIUS & HOLLISTER LLP
                           111 E. Wacker Drive, 28th Floor
                           Chicago, Illinois 60601
                           Phone: (312) 836-4063 | Fax: (312) 966-8598
                           awolek@taftlaw.com

Rachel A. Smoot
TAFT STETTINIUS & HOLLISTER LLP
65 E. State Street, Suite 1000
Columbus, OH 43215
Phone: (614) 220-0222 | Fax: (614) 221-2007
rsmoot@taftlaw.com

*Counsel for Plaintiff Art Akiane LLC*