IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ART AKIANE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-05643 |
| | ) |
| MARDEL, INC., ST. JUDE SHOP, | ) Hon. Judge John J. Tharp, Jr. |
| INC., and CHRISTIANBOOK, LLC, | ) |
| | ) |
| Defendants | ) |

**DEFENDANT ST. JUDE SHOP, INC.'S
OBJECTION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO
RESPOND TO THE MOTION TO DISMISS FOR LACK OF JURISDICTION**

Without waiving jurisdictional issues, Defendant, St. Jude Shop, Inc., ("St. Jude Shop") by its undersigned attorneys, hereby offers the Court the following information as it makes a determination if a delay is appropriate. St. Jude Shop believes all interests of the parties are protected by keeping the current schedule and ruling quickly on this matter:

**Background:**

Plaintiff is a young gifted artist and has historically licensed some of her art to an exclusive licensee for a decade "Art & SoulWorks." ("ASW" or "Licensee") (19-cv-02952, #83, Declaration of Carolyn Cornelius). Plaintiff's art is favored in the small religious industry as her most famous work, named the "Prince of Peace" is suggestive of Jesus Christ. The works are simply splendid. Mainly prints and small wallet cards were produced, licensed and sold, each of these goods for a very small price. As the market for religious art narrows in recent decades, the industry as a whole has struggled to remain alive. At some point in 2019, Plaintiff and its licensee had a bad breakup and Plaintiff and Licensee began an exhausting legal fight in Illinois. *Art Akiane LLC v. Art & Soulworks LLC*, 19-cv-02952 (N.D. Ill.). This fight remains ongoing and appears to be intense.

As recently as February 10, 2021, without any communication with St Jude Shop, Inc., AWS filed a Motion to Reassign and Consolidate asking Judge Chang to warp St Jude Shop, Inc. deep into this case. (19-cv-02952, Dkt. # 224). Luckily, Judge Chang immediately denied the request. (19-cv-02952, DKt. # 225).

**Plaintiff Was Already Given Twice Relevant Documents (2019 and 2021):**

a. *The 2019 Documents:*

Plaintiff has already subpoenaed on November 27, 2019, St Jude Shop, Inc. documents including agreements, financial records, and communications with Art & Soulworks. (19-cv-02952, Dkt. #83, Declaration ¶ 42 [In addition, Art Akiane served subpoenas on my customers, including St. Jude, Amazon, Ebay, Mardel and Christianbooks with a cover letter like the one attached as Ex. 2, which I believe chills customers from wanting to do business with ASW]) [1] (A copy of the letter is attached as <u>Exhibit A</u>). St Jude Shop, Inc. has already given to Plaintiff these documents.

b. *The 2021 Documents:*

St Jude Shop, Inc., a small store far from Illinois is quickly being drawn into this monstrous case. As promised to the Plaintiff's counsel, the President of St Jude worked diligently with counsel to conduct a full review of the reach into Illinois of the sales linked with Plaintiff's products. The store, which is shown in the Declaration at ¶ 4 is very "local."

---

[1] St Jude Shop, Inc. shares AWS's the "chills" but not only as it relates to doing business with the exclusive licensee. Instead of telling St Jude Shop Inc. it has selected a new licensee and would like the collaboration to continue, Plaintiff alleges that some works printed by its exclusive licensee are illegal and result in liability down to retail stores who purchased from the genuine source. There is no better way in this industry to scare retail outlets away than attack them in Illinois simply for a handful of low cost sales



On Wednesday, February 17, 2021, St Jude Shop, Inc. sent a draft (unsigned) version of a full declaration of Mr. Louis R. Dicocco along with attached exhibit documents as Exhibit B (signed final version). In the declaration, Mr. Dicocco did and completed the heavy lifting. He confirms to have pulled all online sales between 1/1/2018 to 2/12/2012 and gave the original copies of this full report. One single sale was made in Illinois, the one to Plaintiff. Not a single other person ordered any goods from Plaintiff's direct online ordering in Illinois. Sales reviewed were for $2,084.55. (Exhibit B, Declaration Louis R. Dicocco, ¶ 8).

St Jude did not stop there. It then looked at all other non-website processed sales, like calls made from Churches, etc reviewed over $18,293.15 in sales from a period dating back to 2015. (Exhibit B, Declaration Louis R. Dicocco, ¶ 9). It also looked at all retail sales for people having paid with Illinois credit cards. (Exhibit B, Declaration Louis R. Dicocco, ¶ 9). The Declaration also offers a summary of the total $31,662.70 in goods over 6+ years in which total Illinois sales were at most $317.45 over these years and only one sale for $19.40 genuinely comes within the period in dispute. The summary is reproduced below from the declaration:

3

| May 24, 2019 | $70.00 | Exhibit B** Sale to Plaintiff |
|---|---|---|
| **Jan. 30, 2018** | **$19.40** | **Exhibit D** |
| Feb. 7, 2017 | $169.50 | Exhibit C |
| June 16, 2016 | $7.80 | Exhibit D |
| Dec. 5, 2016 | $112.95 | Exhibit C |
| Sept. 3, 2015 | $7.80 | Exhibit D |

(Exhibit B, Declaration of Louis R. Dicocco, ¶ 12). The license was terminated in January 11, 2019, and only the Plaintiff purchased from Illinois after the license ended. The declaration explains that St Jude Shop, Inc. has no sales agents in Illinois, is not an Illinois Corporation, etc. (Exhibit B, Declaration of Louis R. Dicocco, ¶ 12). A copy of all invoices related to Illinois were already given. There is, to say things very mildly, no jurisdiction in Illinois. Finding so, with a single $19.40 sale in early 2018 would result in giving jurisdiction to this Court over every corporation in the United States with an online website. There is no need for a delay, this issue is simple and all relevant information has already been produced and given.

**Why St Jude Shop, Inc. Opposes Today Something So Basic:**

St Jude Shop, Inc. takes no pleasure in challenging something as simple as a 3 week extension of time. It knows Courts routinely grant such requests and understands this Court, in an abundance of precaution probably will. But St Jude Shop, Inc. wants to bring before this Court problematic conduct which is highly suggestive of chronic litigation abuse and bad faith. This Court will be surprised to learn that while a subpoena for documents was served and replied in 2019, Plaintiff sent a notice letter which included the complaint **as filed**. (See Exhibit D). Plaintiff demanded nothing short of $100,000. This Court is able to reach its own conclusion as to the filing of a lawsuit without as much as an email requesting the same outcome it seeks in Court.

4

Sadly, AWS' reached out and described what it believes is chronic litigation abuse. We have taken the advice in consideration. St Jude Shop, Inc. rushing to find facts wrote a simple email asking for the operating license from this Plaintiff. (See <u>Exhibit C</u>). To this day, Plaintiff refuses to provide such an operative document. That is correct, Plaintiff refuses to provide such a simple document.

On February 3, 2021, Plaintiff sent the most outrageous "discovery" set to St Jude Shop, Inc. The breath of these requests is exceptional and clearly evidences bad faith. These include a deposition, interrogatories, and requests for production. Looking just at the last Jurisdictional Request No. 5, this reads:

> "All documents relating to communications between You and persons or entities located in the State of Illinois, including but not limited to emails, other electronic messages, letters, and notes or recordings of telephone calls from 2014 to the present." Jurisdictional Request No. 5.

The above relates to every single email and every single piece of paper. For St Jude Shop, Inc. to determine if one communication in fact originates or is sent to Illinois, it must read and review <u>all communications</u>. It is frankly impossible to conceive of a more burdensome request. Plaintiff asks information since 2014. Copyright has a three year statute of limitation on Copyright Claims.[2] Asking for 6+ years makes no real legal or common sense. As part of the allegations, Plaintiff only notes conducts that dates after the end of the license, namely 2019. What is important

---

[2] "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 USC § 507(b). Most courts use the discovery rule to determine when the three-year statute of limitations in copyright law begins. The maximum time is "within three years after the infringement was discovered or reasonably should have been discovered." Since this case was filed on September 23, 2020, and Plaintiff had notice at least since 2019, the works in dispute at most cover the period of September 23, 2017 to September 23, 2020.

for the Court to determine is that at the time of filing (September 2020) do Illinois Courts have jurisdiction over St Jude Shop, Inc., not back in 2014.

St Jude Shop, Inc. did not hold back and gave 6+ years of information when it could. (See <u>Exhibit B</u>). The numbers speak for themselves, they are minuscule and ridicule. There is no reason to think this information does not extrapolate to the general situation as a whole. With this declaration in hand, Plaintiff should reconsider.

**The Motion Included Three Parts:**

The motion seeks dismissal on jurisdictional grounds but also seeks other remedies and lists other issues. These can and should be answered. There is no reason why such responses should be delayed. The misuse of "counterfeit" in this case is simple, easy and can be briefed quickly by Plaintiff. There is no reason for a delay. Flaws in the filing can be addressed.

WHEREFORE, Defendant, St. Jude Shop, Inc. in what is an exceptional request respectfully asks the Court to ask this Plaintiff to produce any evidence as to why it believes St Jude Shop, Inc. should litigate in Illinois and place the burden on this Plaintiff to show "substantial contacts." Plaintiff should not be able to delay and increase costs to a point where the $100,000 ransom is shadowed by litigation costs. The Declaration and invoices at Exhibit B clearly show there is simply no jurisdiction in Illinois and delays do not serve justice.

Dated: February 22, 2021      ST. JUDE SHOP, INC.

/s/ *Alain Villeneuve*
Alain Villeneuve (6279975)
John E. Munro (6302600)
DUANE MORRIS LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603-3433
312-499-6700
312-499-6701 (facsimile)
<u>AVilleneuve@duanemorris.com</u>
<u>JEMunro@duanemorris.com</u>

6

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 22, 2021 he caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court for the Northern District of Illinois, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's CM/ECF system

*/s/ Alain Villeneuve*