**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ART AKIANE LLC, | |
| Plaintiff, | Case No. 20-cv-05643 |
| v. | Judge John J. Tharp, Jr. |
| MARDEL, INC., ST. JUDE SHOP, INC., and CHRISTIANBOOK, LLC, | Mag. Sunil R. Harjani |
| Defendants. | |

**ART AKIANE LLC & ST. JUDE SHOP INC. INITIAL STATUS REPORT[1]**

In response to the Court's February 16, 2021 order (Dkt. #21), Art Akiane LLC and St. Jude Shop, Inc. offer the below:

1. **Nature of the Case**:

   a. **Identify all attorneys of record for each party, including lead trial attorney.**

      i. For Plaintiff Art Akiane LLC:

         Adam Wolek (lead)
         Taft Stettinius & Hollister LLP
         111 E. Wacker Drive, Suite 2800
         Chicago, Illinois 60601
         Phone: (312) 836-4063
         Fax: (312) 966-8598
         awolek@taftlaw.com

         Rachel Smoot
         Taft Stettinius & Hollister LLP
         65 East State Street, Suite 1000
         Columbus, Ohio 43215
         Phone: (614) 221-2838
         Fax: (614) 221-2007
         rsmoot@taftlaw.com

---

[1] Mardel, Inc. and Christianbook, LLC have also been named as Defendants in this action. However, by agreement, their responses to the Complaint are not due until March 11, 2021 and March 17, 2021 respectively (Dkt. 19) and thus counsel has not yet appeared before this Court. Counsel for Christianbook has informed Plaintiff's counsel that she plans to dial in to the status conference on March 2, 2021 to stay apprised of the status of this matter, unless the Court objects to her attendance.

  ii. St. Jude Shop, Inc.:

    Alain Villeneuve (lead) and John Munro
    Law firm of Duane Morris LLP - Chicago Office
    190 S. LaSalle, Suite 2600
    email: avilleneuve@duanemorris.com

 **b.** **Briefly describe the nature of the claims asserted in the Complaint and any Counterclaims and/or third party claims.**[2]

 *Art Akiane's Description:* Art Akiane asserts a claim for copyright infringement against all Defendants. Specifically, Art Akiane alleges that each Defendant infringed Art Akiane's copyrights by making sales of illicit products without Art Akiane's authorization or approval. Art Akiane also asserts a trademark infringement and unfair competition claim and false designation of origin claim against all Defendants, alleging that Defendants have falsely represented that they have an "affiliation, connection, or association" with Art Akiane, which will likely confuse consumers about the "origin, sponsorship, or approval" of the goods. In addition, Art Akiane also brings claims of common law unfair competition claim, violation of the Illinois Uniform Deceptive Trade Practices Act, and unjust enrichment against all Defendants. No counterclaims or third-party claims have been asserted.

 *St. Jude Shop, Inc.'s Description:* Plaintiff is an artist. For over a decade, using an exclusive licensee, she brought to market her art in the religious industry. Along with her exclusive licensee, she manufactured and sold licensed products displaying her art. Goods migrated to different sales outlets in the market. Plaintiff is engaged in a parallel lawsuit against its exclusive licensee which is designed to determine the scope of the license. In the current action, Plaintiff sued three retail stores (Mardel from Oklahoma, St Jude from Pennsylvania, and Christianbook from Maine). All three retail outlets are parties who purchased goods from the exclusive licensee. Plaintiff argues that some or all of the goods the retail stores purchased from the licensee are illegal – it is unclear what (if any) product is unlicensed. St Jude Shop disputes the Jurisdiction and has yet to reply to the substance of the Complaint as filed or file counterclaims.

 **c.** **Briefly identify the major legal and factual issues in the case.**

 *Art Akiane's Position:* There are two primary factual issues in this case: 1) Art Akiane's works and marks; and 2) the nature and extent of Defendants' use of Art Akiane's works and marks. The legal issues in this case include: 1) whether Defendants infringed Art Akiane's copyrights; 2) whether Defendants violated Art Akiane's Lanham Act rights; 3) whether Defendants violated Akiane's identity and likeness rights; 4) whether Defendants are liable under Art Akiane's state law claims; 4) whether the goods purchased by the Defendants from a third party (i.e. timing, nature, type, etc.) are property licensed (implied or express); and 6) whether some of the claims are time barred.

---

[2] St. Jude Shop requested the inclusion of its account regarding various issues. As such, the Art Akiane and St. Jude Shop are submitting separate statements in certain sections.

*St. Jude Shop's Position*: Plaintiff holds a Certificate of Registration for most of her works, including art on goods it argues are illegal copies but made their way down the stream of commerce to Defendants. Plaintiff does not own a Certificate of Trademark Registration for her name and asserts Common Law rights under the Lanham Act (15 U.S.C. 1051 et seq.). Copyright Law recognizes a legal purchaser of goods the right to sell, display or otherwise dispose. (e.g. First Sale Doctrine, 17 USC § 109). Trademark law also gives the right to use an artist's name to give proper attribution. (15 USC 1115(b)(4)).

The first legal issue will be to determination if the goods purchased by the Defendants from the exclusive licensee (i.e. timing, nature, type, etc.) are property licensed (implied or express). If the goods are found to be licensed, there is no liability of any type and the case is meritless. If the Court finds some goods to be out of license, the Court will determine if the infringement was: (a) ordinary, (b) willful, or (c) innocent. Different statutory damages apply to each category. 17 U.S.C. § 504 (i.e. $200 damages per certificate for innocent infringement).

Finally, in the even some goods sold are out of license, the Court will need to apply the 3-year statute of limitation. (17 U.S.C. § 504(b)). Such statute applies to the moment Plaintiff discovered some goods sold in commerce were believed to be non-licensed. The Statute of Limitation may bar all relief.

    **d.**    **Relief Sought by Parties.**

*Art Akiane's Position:* Plaintiff seeks the following relief:

    i.    Judgment in favor on all its claims;

    ii.    Actual damages against Defendant in an amount to be determined at trial;

    iii.    An award of punitive damages;

    iv.    An award of statutory damages;

    v.    An award of its costs and reasonable attorneys' fees;

    vi.    Pre- and post-judgment interest at the maximum legal rate and costs;

    vii.    Preliminarily and permanently enjoin Defendants from:

        (1)    Displaying, copying, distributing, promoting, offering, disseminating, or selling Art Akiane's copyrighted materials or any modification, derivation, or reproduction thereof;

        (2)    Using Akiane's identity without prior authorization; and

        (3)    Doing and engaging in any of the acts described above and directing Defendants to conform with each and every provision of this prayer for relief;

      viii.    Directing Defendants recall and deliver up for destruction all goods, packaging, advertisements, promotions, signs, displays, and related materials incorporating or bearing Art Akiane's trademarks;

      ix.    Directing Defendants to provide an accounting of all products ever sold incorporating Art Akiane's works.

*St. Jude Shop's Position:* Since Defendant St Jude Shop, Inc. has ended all sales and advertising, Plaintiff seeks financial compensation. If the goods are properly licensed, Defendants may seek a right to use and sell, damages and attorneys' fees.

**2.** **Jurisdiction**:

    **a.**    *Art Akiane's Position*: This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because the action arises under the federal Copyright Act and Lanham Act. *See* 17 U.S.C. §§ 101, *et seq.*; 15 U.S.C. §§ 1051, *et seq.* This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because the parties' state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the Constitution and derive from a common nucleus of operative facts. Moreover, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Lastly, venue and personal jurisdiction are proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) and (c).

        This Court has personal jurisdiction over Defendants because Defendants have continuous and systematic contacts with the state of Illinois, because they have purposefully directed their activities toward the state of Illinois causing harm suffered in the state of Illinois, because they have marketed their products for direct sale to consumers in Illinois through the Internet, and because this action is based upon activities that arise out of or relate to those contacts, among other reasons. Defendants also target consumers in Illinois in the sale of goods.

    **b.**    *St. Jude's Position***:**

      i.    Federal Statutes: (a) Lanham Act (15 USC § 1051 et seq.) and (b) Copyright Act (17 U.S.C. § 101 et seq.)

      ii.    St Jude Shop, Inc. has filed a motion to dismiss for lack of jurisdiction. Plaintiff filed a motion for jurisdictional discovery. St Jude Shop, Inc. has offered all evidence of Illinois sales online or not which are limited to $19.50 back in 2018.

      iii.    Here, Plaintiff from Illinois has sued purely for convenience three Defendants located in other states.

**3.** **Service:** All Defendants have been served or waived service. St. Jude Shop, Inc. has appeared. By agreement, Mardel, Inc. and Christianbook LLC have been permitted extra time to respond to the Complaint and thus have not yet appeared.

**4.** **Consent to Proceed Before a Magistrate Judge:** There is no unanimous consent to proceed before a United States Magistrate Judge.

**5.** **Motions**:

    **a.** St Jude Shop, Inc. has filed a motion to dismiss on several grounds including lack of jurisdiction. Art Akiane's response is held in abeyance pending ruling on its motion for jurisdictional discovery.

    **b.** Plaintiff has filed a motion to secure jurisdictional discovery from St Jude Shop, Inc. A hearing is set on 3/2/2021. St Jude Shop Inc. plans to respond and move to strike most of the requests.

    **c.** It is not clear at this time how either Mardel Inc. or Christianbook LLC will respond to the Complaint.

**6.** **Status of Settlement Discussions**:

    **a.** St. Jude Shop's Additions: Plaintiff made an initial demand of $100,000 with no specifics as to how these damages are calculated either under a loss of profit doctrine or a statutory award doctrine.[3] St. Jude Shop Inc. is unable to made a counter-offer as it is unable to understand the allegations as plead.

    **b.** Plaintiff is engaged in settlement discussions with Mardel Inc. and Christianbook LLC.

    **c.** St. Jude Shop's Additions: At this time, the St. Jude Shop does not request a settlement conference. St Jude Shop, Inc. trying to quantify which products, which time period, and what goods are said to be outside of the license has asked for additional information.

---

[3] Art Akiane disagrees with this account of settlement discussions.

28944137v1

Dated: February 25, 2021

| | |
|---|---|
| */s/ Adam Wolek* | */s/ Alain Villeneuve* |
| Adam Wolek | Alain Villeneuve |
| TAFT STETTINIUS & HOLLISTER LLP | John E. Munro |
| 111 E. Wacker Drive, Suite 2800 | DUANE MORRIS LLP |
| Chicago, Illinois 60601 | 190 S. LaSalle Street, Suite 3700 |
| Phone: (312) 836-4063 | Chicago, IL 60603-3433 |
| Fax: (312) 966-8598 | Phone: (312) 499-6700 |
| awolek@taftlaw.com | Fax: (312) 499-6701 |
| | avilleneuve@duanemorris.com |
| Rachel Smoot | jemunro@duanemorris.com |
| TAFT STETTINIUS & HOLLISTER LLP | |
| 65 E. State Street, Suite 1000 | |
| Columbus, Ohio 43215 | |
| Phone: (614) 221-2838 | |
| Fax: (614) 221-2007 | |
| rsmoot@taftlaw.com | |

*Counsel for Plaintiff Art Akiane LLC*

28944137v1

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 25, 2021, the undersigned caused the foregoing Initial Status Report to be filed electronically with the Northern District of Illinois, and served upon all parties registered to receive notice via the Court's CM/ECF system as well as the following:

Clint Sloan
Mardel Stores, Inc.
7727 A SW 44th Street
Oklahoma City, OK 73179
Clint.sloan@hobbylobby.com

Anita M.C. Spieth
CHOATE, HALL & STEWART LLP
2 International Place
Boston, MA 02110
aspieth@choate.com

*/s/ Adam Wolek*

28944137v1