UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC, <br><br> Plaintiff, <br><br> v. <br><br> MARDEL, INC., ST. JUDE SHOP, INC., and CHRISTIANBOOK, LLC, <br><br> Defendants. | Case No. 20-cv-05643 <br><br> Judge John J. Tharp, Jr. <br><br> Mag. Sunil R. Harjani |

**PLAINTIFF ART AKIANE'S RESPONSE TO DEFENDANT
MARDEL'S DECLARATION AGAINST LIMITED JURISDICTIONAL DISCOVERY**

Despite Defendant Mardel, Inc.'s declarations showing some Illinois sales, certain jurisdictional discovery remains needed because (1) Hobby Lobby and Mardel contract as and act as one company, and Hobby Lobby operates ubiquitously in Illinois (nor has it disclosed its infringing sales); (2) Mardel omitted Illinois sales from 2015 to late 2017 despite contracting for the illicit goods since 2015; and (3) inconsistencies in Mardel's declarations leave its targeting of Illinois in question, and Mardel's declarations omit any information about its advertising to or targeting of Illinois.[1]

**1.  Hobby Lobby and Mardel Contracted, and Have Acted, as One Company**

Hobby Lobby and Mardel appear to be the same company – they contract as one party, share headquarters, and Hobby Lobby has represented Mardel in this dispute. These connections need to be explored for jurisdictional purposes, particularly because Hobby Lobby has

---

[1] Like Defendant St. Jude Shop, Mardel also refused to provide any jurisdictional discovery or discuss its scope, but also only provided a declaration after Art Akiane moved for jurisdictional discovery (after stating it would not provide them), and only on the eve of the hearing for the motion. While those declarations mooted part of the requests, Mardel's declarations on its sales in Illinois and other Illinois contacts are incomplete. Mardel is also differently positioned than St. Jude because of its size, and unlike St. Jude, it did not provide many sales documents of its Illinois sales and other representations.

ubiquitous Illinois contacts, and Mardel has not denied the connection or addressed whether Hobby Lobby sold any Art Akiane products here. For instance, Hobby Lobby and Mardel contracted together as one company to purchase Art Akiane Works from the infringer entities Art & SoulWorks LLC and Carpentree, LLC[2].

> **GENERAL PURCHASE ORDER TERMS**
> (Domestic Vendors)
>
> Hobby Lobby Stores, Inc., and its affiliates Mardel, Inc., and Hemispheres Stores (as applicable, the **"Purchaser"**) and the selling vendor (the **"Vendor"**) agree these general purchase order terms (the **"Terms"**) shall apply to all purchase orders for products sold by Vendor to Purchaser (the "Products").

(Dkt. 49-7 at Page 3 of 10).

Hobby Lobby and its counsel have also many times corresponded, negotiated, and produced documents on behalf of Mardel in this matter (*see, e.g.*, Dkt. 49-6 at pg. 2 of 4)[3]:

> From: Clint B. Sloan <clint.sloan@hobbylobby.com>
> Sent: Friday, November 13, 2020 6:30 PM
> To: Wolek, Adam
> Subject: RE: [EXTERNAL] Art Akiane LLC v. Mardel, Inc. et al. (No. 20-cv-05643, N.D. Ill.) - Pursuant to FRE 408 - Infringement of Art Akiane LLC's Copyrighted Materials
> Attachments: 2020.11.13 Letter Acknowledging Receipt of Claim.pdf
>
> Mr. Wolek,
>
> Please see the attached correspondence.
>
> Sincerely,
>
> Clint B. Sloan
> Associate General Counsel
> **LEGAL DEPARTMENT**
> P: 405.745.1812 | M: 405.745.1100
> F: 405.745.1721
> E: clint.sloan@hobbylobby.com
> 7707 SW 44th Street, Oklahoma City, OK 73179
> **HOBBY LOBBY**

---

[2] Hobby Lobby/Mardel admitted contracting with Art & SoulWorks LLC and Carpentree, LLC for purchase of the goods at issue (Dkts. 46 at pp. 9-10; 46-1 at ¶¶ 6-7; & 49-7), defendants in *Art Akiane LLC v. Art & SoulWorks, et al.*, C.A. No. 19-cv-02952 (N.D. Ill.) (Chang, J.).

[3] An attorney bar registry search reaffirms Mr. Sloan works for Hobby Lobby. *See Find a Lawyer – Oklahoma Bar Association*, https://www.okbar.org/findalawyer/ (*last visited* May 26, 2021).

Hobby Lobby's website also confirms Mardel is an affiliate company (which Mardel concedes[4]) and Hobby Lobby lists it among its other affiliates (*see, e.g.*, Dkt. 49-7 at pg. 3 of 10).[5] Finally, Hobby Lobby resides in Illinois, has many stores in Illinois, and regularly conducts businesses here. *See generally* Dkt. 49-4 & Dkt. 49-8.

Because of these extensive connections between the companies and Hobby Lobby's presence in Illinois, the following discovery is needed:

- Documents evidencing Mardel's relationship to Hobby Lobby, and documents showing any corporate relationship or business affiliation with Hobby Lobby.
- Any contracts on behalf of or between Hobby Lobby and/or Mardel, which includes but are not limited any contracts mentioning Akiane, Art & SoulWorks LLC and Carpentree, LLC, and any negotiations relating thereto.
- Communications between Mardel and Hobby Lobby relating to Art Akiane or Art & SoulWorks LLC and Carpentree, LLC.
- Documents evidencing Hobby Lobby's sales of Art Akiane's Works and any documents evidencing Hobby Lobby's inventory of Art Akiane Products.

**2.** **Mardel Fails to Include its 2015 Illinois Contacts**

Mardel's declarations omit sales from 2015 to September 2017. While Mardel concedes it sold the at-issue products in Illinois *after* September 2017, it omits its earlier Illinois sales, despite admitting it contracted with the infringers since 2015. Mardel's purported basis for omitting its 2015 sales is its claim that damages are limited from 2017 by the Copyright Act. However, this inaptly conflates damages calculations with targeting Illinois for jurisdictional purposes. Furthermore, Mardel admitted that it contracted with the infringers Art & SoulWorks and Carpentree *in 2015*, ostensibly for the infringing sales. *See* Dkt. 46-1 ¶ 6. Thus, its sales and advertising in 2015 are relevant to its Illinois' contacts, and would also evidence Mardel's knowledge and intent of selling the infringing products to target Illinois. In other words, the 2015

---

[4] Dkt. 49-3 at pg. 2 of 5.
[5] *See also* Dkt. 49-3 at pg. 4 of 5.

sales would help show that Mardel's later sales in Illinois were with knowledge, and go to its intent to keep selling to Illinois – indeed, Mardel had continued selling to Illinois even after it received multiple cease and desist letters.

Because Mardel contracted with the source infringers since 2015, and its contacts with Illinois since then are relevant to jurisdiction, the following information is still needed:

- Documents showing Mardel's contacts with since 2015 relating to Art Akiane, and its contacts with Illinois.
- Identification of all business trips, conventions, conferences, seminars, speaking engagements, trade shows, and art industry-related events attended by Mardel in the State of Illinois or that discussed doing business in the State of Illinois.

3. **Mardel's First Declaration Contained Inconsistencies and Both Declarations Lack Mardel's Advertising to Illinois**

Mardel's first Declaration opposing jurisdictional discovery stated that it stopped its sales of the infringing goods to Illinois in 2019. Decl. of S. Brown ¶ 5. Thereafter, Art Akiane showed it had receipts of infringing sales from Mardel to Illinois from 2020. Dkt. 49-1 at pgs. 3 & 7 of 11. Mardel then supplemented its declaration to disclose those sales. More discovery is needed to validate the Declarations' statements due to their inconsistencies.

Further, both Declarations are devoid of any information of Mardel's advertising to Illinois. While advertising is direct conduct towards the State of Illinois, Mardel's Declarations do not provide any such contacts to Illinois, nor even address it. For example, Mardel did not provide any information about brochures with Akiane's goods it mails to Illinois or emails targeting Illinois customers. Plaintiff needs to explore Mardel's advertisement efforts and contacts with Illinois. Similarly, any Illinois call sheets, client lists prospective client lists, lead lists, and other compilations of information which Mardel used or have used to identify or contact prospective clients that related to Art Akiane or the infringers will be further useful to determine the extent of its advertising and potential sales in Illinois.

4

## **CONCLUSION**

For these reasons, Plaintiff requests leave to conduct the limited jurisdictional discovery.

Dated: May 26, 2021
/s/ *Adam Wolek*
Adam Wolek
Fox Rothschild LLP
321 N. Clark Street, Suite 1600
Chicago, Illinois 60654
Phone: (312) 517-9299
Fax: (312) 517-9201
awolek@foxrothschild.com

*Counsel for Plaintiff Art Akiane LLC*

## CERTIFICATE OF SERVICE

      The undersigned certifies that on May 26, 2021, the foregoing document are served on the counsel of record through the Court's ECF.

                              */s/ Adam Wolek*
                              Adam Wolek