# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC, | |
| Plaintiff, | Case No. 1:20-cv-05643 |
| v. | JUDGE JOHN J. THARP, JR. |
| MARDEL, INC., ST. JUDE SHOP, INC. and CHRISTIANBOOK, LLC, | MAG. JUDGE SUNIL R. HARJANI |
| Defendants. | |

**DEFENDANT MARDEL, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR <u>LACK OF PERSONAL JURISDICTION AND LACK OF VENUE</u>**

**TABLE OF CONTENTS**

I. **Mardel's five sales of Akiane-related works to Akiane do not establish specific jurisdiction.** ................................................................................................... 2
    A.    Illinois sales to Akiane itself are legally irrelevant for jurisdiction. ........................ 2
    B.    Per the ASW Licenses and ASW Case, Mardel's Illinois sales to Akiane were properly licensed. ................................................................................................... 4
    C.    Jurisdiction cannot be established with minuscule sales. ........................................ 6
    D.    Akiane's DMCA take-down letters are not relevant. .............................................. 7
II. **This case should be dismissed for lack of venue.** ............................................................ 8
**CONCLUSION** ................................................................................................................................ 8

i

# TABLE OF AUTHORITIES

**Cases**

*Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*,
    751 F.3d 796 (7th Cir. 2014) ................................................................................ 5, 6

*be2 LLC v. Ivanov*,
    642 F.3d 555 (7th Cir. 2011) ...................................................................................... 6

*Illinois v. Hemi Group LLC*,
    622 F.3d 754 (7th Cir. 2010) ................................................................................. 3, 4

*Matlin v. Spin Master Corp.*,
    921 F.3d 701 (7th Cir. 2019) ........................................................................................ 3

*McGill Technology Ltd. v. Gourmet Technologies, Inc.*,
    300 F. Supp. 2d 501 (E.D. Mich. 2004) ....................................................................... 2

*Moser v. Ayala*,
    No. 11-C-3563, 2013 WL 1337187 (N.D. Ill. Mar. 29, 2013) ...................................... 6

*Native American Arts, Inc. v. Contract Specialties, Inc.*,
    No. 09-cv-3879, 2010 WL 658864 (N.D. Ill Feb. 18, 2010) ........................................ 2

*Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*,
    975 F. Supp. 2d 920 (N.D. Ill. Sept. 24, 2013) ............................................................ 7

*Stein v. Clarifai, Inc.*,
    No. 20-C-1937, 2021 WL 1020997 (N.D. Ill. Mar. 16, 2021) ................................. 3, 6

**Statutes**

17 U.S.C. § 512(c)(1) ............................................................................................................ 7
17 U.S.C. § 512(c)(3) ............................................................................................................ 7
17 U.S.C. § 1202 .................................................................................................................... 7
17 U.S.C. § 1202(c) ............................................................................................................... 7

HB: 4826-7633-8673.3

Akiane's Response does not address many of the arguments presented in Mardel's Motion. For example, Akiane does not distinguish or otherwise discuss *any* of Mardel's cited cases and essentially ignores the ASW Case before Judge Chang, which directly affects the jurisdictional issues here. Rather than face these legal and factual problems, Akiane instead almost entirely relies on Mardel's five Illinois sales of Akiane-related works, all of which were sold ***directly to Akiane***. But the law is clear that a plaintiff itself cannot manufacture specific jurisdiction, which by itself is fatal to Akiane's jurisdiction case. Akiane's arguments also fail because Mardel's sales, including its Illinois sales to Akiane, were licensed under the ASW license, the Illinois sales were minuscule, and the DMCA notices Akiane refers to throughout its Response have no bearing on this case, let alone the jurisdictional inquiry.

Since Mardel's Motion, the parties have engaged in limited jurisdictional discovery. Notably, Akiane cites to none of the information produced by Mardel, confirming that Mardel has almost no contacts with Illinois. For instance, Mardel's answers to Akiane's Jurisdictional Interrogatories 4 & 6 show that Mardel's advertisements do not specifically target Illinois and that Mardel employees have only attended two national conferences in Illinois, none of which had anything to do with Akiane-related works. *See* Mardel's Verified Responses to Jurisdictional Interrogatories Nos. 4 and 6 (attached hereto as Exhibit H). The discovery also showed that Mardel has not made any sales in Illinois since 2015 except for the five sales to Akiane itself. *See* Second Supplemental Declaration of Shannon Brown (attached hereto as Exhibit I). Because the jurisdictional discovery confirmed Akiane's jurisdictional deficiencies, Akiane was left to rehash much of the arguments it made in its motion for jurisdictional discovery in its Response. *See* ECF. Nos. 49, 58. Thus, Akiane's Complaint, coupled with its Response, do not establish personal jurisdiction, and this case should be dismissed.

I.  **Mardel's five sales of Akiane-related works to Akiane do not establish specific jurisdiction.**

Akiane's Response almost entirely relies on Mardel's sale of five Akiane-related works to Akiane itself from May 2019 to January 2020. In Akiane's view, these sales show that Mardel purposefully availed itself to Illinois or show that it specifically targeted the forum. But Akiane's own sales do not establish jurisdiction for many reasons, including that they are legally irrelevant as an improper attempt to manufacture jurisdiction, were licensed sales under the ASW license, and the sales were minuscule. Further, Akiane's other justification for jurisdiction, Mardel's Illinois sales following "DMCA Notifications," do not establish jurisdiction at least for the reason that those letters have no relation to Akiane's asserted claims or the products sold.

A.  **Illinois sales to Akiane itself are legally irrelevant for jurisdiction.**

It is undisputed that since at least 2015, Mardel has not made any sales of Akiane-related works in Illinois except for its five sales, totaling thirteen items, to Akiane itself.[1] *See* Resp. at 5 (admitting that "Plaintiff purchased" the products associated with the five sales); *see also* ECF Nos. 52-1 & 54-1. These sales cannot confer specific jurisdiction as a matter of law. Indeed, "a plaintiff cannot manufacture jurisdiction against an out-of-state defendant by purchasing that defendant's products from the forum state." *Native American Arts, Inc. v. Contract Specialties, Inc.*, No. 09-cv-3879, 2010 WL 658864 at *4–5 (N.D. Ill Feb. 18, 2010) (compiling cases). Allowing such sales to establish jurisdiction, as Akiane argues here, would a "allow a plaintiff to manufacture jurisdiction over a non-resident defendant in any forum, regardless of how inconvenient, even when the defendant has not purposefully directed any activity toward the forum state." *Id*. (citing *McGill Technology Ltd. v. Gourmet Technologies, Inc.*, 300 F. Supp. 2d

---

[1] Although all five sales were shipped to Illinois, three of the sales, Nos. 20047626, 20047836, and 20047925, had a "billing address" in Coeur d Alene, Idaho. *See* ECF No. 52-1.

501, 506 (E.D. Mich. 2004)(internal quotations omitted)). That is exactly what Akiane is attempting to do here. Under Akiane's logic, Mardel can be subject to any jurisdiction where Akiane itself can purchase products, *i.e.*, any forum in the United States. Thus, Akiane's reliance on its own purchases must fail.

Akiane heavily relies on *Hemi* to argue that Mardel's sales to Akiane establish jurisdiction. In *Hemi*, an Illinois Department of Revenue special agent purchased more than three hundred packs of cigarettes from Hemi-operated websites over the course of three years. *Illinois v. Hemi Group LLC*, 622 F.3d 754, 755 (7th Cir. 2010). Illinois sued Hemi, originally in state court, for failing to submit Illinois monthly reports of cigarette sales and other violations of *Illinois law*. *Id*. at 756. The Seventh Circuit affirmed the district court's finding of specific personal jurisdiction in part because evidence showing Hemi knowingly sold cigarettes to Illinois residents while explicitly excluding sales to other states, like New York, to avoid personal jurisdiction. *Id*. at 758.

This case is distinguishable from *Hemi*. Indeed, in a more recent case, the Seventh Circuit clarified that jurisdiction in *Hemi* turned on "defendant's systematic contact with Illinois involv[ing] unregistered sales of a *regulated product*, tobacco, *in violation of state law*." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 706–07 (7th Cir. 2019). That is different than a case like this where Akiane is instead "bring[ing] claims with an attenuated relationship to Illinois and any sales that occurred there." *Id*. at 706. Unlike in *Hemi*, Akiane is mainly bringing *federal* intellectual property claims for *nationwide* sales, not just Mardel's sales in Illinois. And as discussed, Mardel's five Illinois sales to Akiane are legally irrelevant to personal jurisdiction, are not for heavily regulated products, and are minimally attenuated to Akiane's nationwide claims. *See Stein v. Clarifai, Inc.*, No. 20-C-1937, 2021 WL 1020997 at *4 (N.D. Ill. Mar. 16, 2021)

3

("As opposed to the small amount of sales to two customers here, the defendant in *Hemi* made an affirmative choice to allow sales in Illinois by selling 300 packs of cigarettes, a heavily regulated product, to one Illinois resident while deliberately choosing not to sell cigarettes to residents of other states."). Moreover, unlike the defendant in *Hemi*, and as admitted by Akiane, Mardel has never deliberately chose not to sell to residents of a particular state, thus watering down Akiane's support for Mardel somehow specifically targeting Illinois by just having its products available through an online store. Resp. at 6.

      **B.    Per the ASW Licenses and ASW Case, Mardel's Illinois sales to Akiane were properly licensed.**

Akiane does not make any showing that Mardel's five Illinois sales, which were all to Akiane itself, were not licensed. Of course, if Mardel's sales were properly licensed by Akiane by way of its suppliers ASW and Carpentree, as discussed in Mardel's Motion, Akiane could not claim they were sales of supposed "knock-offs."

Akiane claims that the Mardel Illinois sales to Akiane occurred after the ASW license expired, making those sales infringing. This argument is illogical and totally inconsistent with Akiane's arguments in the ASW Case. If Mardel purchased a licensed product from ASW before the ASW license expired, Mardel can resell that product. This is consistent with Akiane's arguments in the ASW Case, where it did not seek an injunction against ASW for products created before the license expiration and argued that "[t]o be sure, AA agrees that *authentic* goods can be resold [by ASW]." ASW Reply (Ex. D) at 1. Judge Chang agreed, finding that Akiane's assertion that all post-license sales are infringing would be "unreasonable," because "it would allow Art Akiane to stay silent while [ASW] placed a wholesale order one day, and then unilaterally terminate the agreement the next day, leaving [ASW] stuck with the artwork and no recourse." ASW Order (Ex. G) at 27–28. Moreover, Judge Chang also found that ASW's sales

4

of licensed works were independently insulated under copyright's first sale doctrine. *Id*. at 28–29 ("Under the first-sale doctrine, someone who legally acquires a lawfully made copy of a copyrighted work is allowed to sell or otherwise transfer that *particular copy* without committing copyright infringement.") (emphasis in original). The same logic and law applies here.

Indeed, all of Mardel's sales of Akiane-related works, including its five sales to Akiane in Illinois, were lawfully purchased from ASW or Carpentree, which is not disputed. *See* ECF No. 46-1, ¶ 5. As such, under at least the first sale doctrine, Mardel was permitted to sell those works without committing copyright infringement. Not only will these facts absolve Mardel from Akiane's claims entirely, but they also completely belie Akiane's jurisdictional arguments. That is, because Mardel has only sold licensed Akiane works, those sales are not related to Akiane's unsupported claims that Mardel is selling "knock-offs" and cannot be used to support specific jurisdiction. *See Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) ("Specific jurisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum state.") (emphasis in original).

Akiane argues that the goods it purchased from Mardel were not licensed because there was a "purported license" with ASW for only "bookmarks, journals, wallet, cards, calendars, deck cards, and greeting cards." But this is exactly what Mardel sold to Akiane in Illinois. *See* ECF Nos. 52-1 & 54-1 (Order No. 20028606 for "Greeting Card," "Pocket Card," and "Magnet Set"; Order No. 200447836 for "Bookmark," Pocket Card, and Greeting Card," and Order No. 20047925 for two magnets). Akiane also emphasizes that "**fine art paintings**" are not covered by any license while simultaneously admitting in the ASW Case that "[i]f you buy a painting, you can sell a painting. That is not at issue." ASW Order (Ex. G) at 27 (emphasis in original). And as discussed, Akiane's statement was confirmed by Judge Chang, who found that ASW's

5

sales of paintings were both covered by the parties' "wholesale agreement" as well as copyright's first sale doctrine. *Id*. at 27–28. Therefore, the two sales of paintings and the three sales of other "knick-knacks" to Akiane in Illinois cannot be used to support specific jurisdiction, because they were plainly licensed sales, or sold under the first sale doctrine, and thus not a part of any "*litigation-specific* conduct of [Mardel] in the proposed forum state." *See Advanced Tactical Ordnance Systems, LLC*, 751 F.3d at 801 (emphasis in original).

### C. Jurisdiction cannot be established with minuscule sales.

Even if Mardel's five sales to Illinois were not to Akiane, or if they were somehow unlicensed, these sales are miniscule, and the Court should deny jurisdiction for that reason alone. As discussed, Akiane itself purchased thirteen products over the course of five sales totaling $312.01. *See* ECF Nos. 52-1 & 54-1. For specific jurisdiction, however, courts require more extensive sales. *See Advanced Tactical.,* 751 F.3d at 803 (finding that allowing for a "few" sales to establish jurisdiction "would mean that a plaintiff could bring suit in literally any state where the defendant shipped at least one item"); *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (finding that twenty Illinois residents registering for an allegedly trademark infringing website insufficient to confer jurisdiction); *Stein*, 2021 WL 1020997 at *4 (finding that "fifty-eight sales to just two Illinois residents" could not establish personal jurisdiction); *cf. Moser v. Ayala*, No. 11-C-3563, 2013 WL 1337187 at *5 (N.D. Ill. Mar. 29, 2013) (finding specific jurisdiction where over *a thousand* allegedly infringing works were distributed in Illinois). Therefore, Mardel's five sales of thirteen items cannot establish specific jurisdiction, particularly in view of those products being purchased by Akiane itself and being licensed sales, as discussed throughout this Reply and Mardel's opening Motion.

### D. Akiane's DMCA take-down letters are not relevant.

Throughout its Response, Akiane argues that Mardel "received several cease & desist and take-down notices on August 19, 2019 and September 25, 2019" that somehow warned Mardel of potential infringement. Resp. at 8. Akiane glosses over the fact that these letters were "DMCA Notifications." The Digital Millennium Copyright Act (DMCA) and its "safe harbor" only relates to "material that resides on a system or network," like certain *digital images* of products for sale on Mardel's website. *See* 17 U.S.C. § 512(c)(1); *see also Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 927–28 (N.D. Ill. Sept. 24, 2013) ("The DMCA seeks to hamper copyright infringement in the digital age by protecting 'copyright management information' (CMI) in various ways. *See* 17 U.S.C. § 1202. CMI, in turn, is defined as the information about the copyright that is 'conveyed in connection with copies' of the work, including the title of the work, the author of the work, the name of the copyright owner, and identifying numbers or symbols referring to copyright information. *See* 17 U.S.C. § 1202(c)."). Here, Akiane is only basing its jurisdictional claims on Mardel's five Illinois sales to Akiane, which are not "copyright management information," and Akiane has not even brought any claims against Mardel under the DMCA.[2] *See* ECF. No. 1. Indeed, Akiane's actual cease and desist letter for the claims at issue here was not sent until October 22, 2020, well after Mardel made its last sale to Akiane in Illinois. *See* ECF. No. 49-9.[3] Therefore, because the DMCA letters did not

---

[2] Mardel expressly denies that any display of Akiane images violated any DMCA provisions and also denies that Akiane's "DMCA Notification" letters met the requirements of 17 U.S.C. § 512(c)(3).

[3] Mardel only cites this letter for the purposes of showing the date and subject line. The letter is plainly marked "**FOR SETTLEMENT PURPOSES ONLY – F.R.E. 408**." Therefore, Mardel requests that Akiane either withdraw this exhibit or provided a *heavily* redacted version merely showing the date, recipient, and subject line.

HB: 4826-7633-8673.3

put Mardel on notice of alleged "infringing actions" as it relates to this case, they should be disregarded entirely.

**II.     This case should be dismissed for lack of venue.**

This case should be dismissed for lack of venue for the same reasons discussed here and in Mardel's opening Motion. *See* ECF No. 46 at § II.

## CONCLUSION

For the forgoing reasons, Akiane's Complaint should be dismissed for lack of personal jurisdiction and lack of venue.

Dated: July 20, 2021                                        Respectfully submitted,

*/s/Ryan B. Hauer*
Rudolph A. Telscher, Jr., IL Bar No. 6205932
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
314.480.1500 Telephone
314.480.1505 Facsimile
rudy.telscher@huschblackwell.com

Ryan B. Hauer, IL Bar No. 6320758
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
312.655.1500 Telephone
312.655.1501 Facsimile
ryan.hauer@huschblackwell.com

***Attorneys for Mardel, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2021, I caused the foregoing to be filed electronically with the Clerk of Court and to be served via the Court's Electronic Filing System upon all counsel of record.

*/s/ Ryan B. Hauer*
