IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 20-cv-05643 |
| ) | |
| MARDEL, INC., ST. JUDE SHOP, ) | Judge John J. Tharp, Jr. |
| INC., and CHRISTIANBOOK, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

For the reasons set forth in the statement below, St. Jude Shop, Inc.'s motion for attorney's fees [66] is denied.

## STATEMENT

On September 23, 2020, Art Akiane (Akiane) brought this action against St. Jude Shop, Inc. (St. Jude), Mardel, Inc, and Christianbook, LLC, merchants of religiously-themed artwork and other products, alleging copyright and trademark infringement. St. Jude is a Pennsylvania corporation that operates out of Havertown, Pennsylvania; Mardel is an Oklahoma corporation based in Oklahoma, and Christianbook is incorporated in Delaware with its principal place of business in Maine. As to all three defendants, Akiane alleged that the Court had both general and specific personal jurisdiction. Compl. ¶ 17. Akiane voluntarily dismissed Christianbook, and the Court dismissed Mardel and St. Jude, concluding that it lacked specific (not to mention general) personal jurisdiction over them. Mem. Op. and Order, July 30, 2021, ECF No. 63. The dismissal of these two defendants was "without prejudice to the reassertion of Akiane's claim in a court that can exercise personal jurisdiction[.]" *Id.* at 10. Art Akiane then promptly sued St. Jude in the Eastern District of Pennsylvania. *See Art Akiane LLC v. St. Jude Shop*, Case No. 21-cv-03523, filed Nov. 3, 2021 (E.D. Pa.).

Now St. Jude says that it is entitled to attorney's fees pursuant to the Copyright Act, 17 U.S.C. § 505, which provides that a court may award "reasonable attorney's fees to the prevailing party as part of the costs." St. Jude contends that it is a "prevailing party" after securing its dismissal for lack of personal jurisdiction, and that the Court should exercise its discretion to award fees because of Akiane's unreasonable conduct in this litigation. Akiane responds that "there was no decision on the merits," therefore St. Jude is not a prevailing party, and moreover that it litigated in good faith.

Akiane's argument that St. Jude is not a prevailing party because the Court "did not rule on the merits of the Copyright claim" is plainly off-the-mark; it was foreclosed nearly six years ago by the Supreme Court's decision in *CRST Van Expedited, Inc. v. E.E.O.C.*, in which the Court held that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has

prevailed." 578 U.S. 419, 421 (2016). Rather, a prevailing party is one who secures a "material alteration of the legal relationship of the parties" marked by "judicial imprimatur." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016) (internal quotation marks and citations omitted). The Supreme Court, however, did not give detailed guidance as to what types of procedural dismissals can effect material alterations of the parties' legal relationships, and it explicitly declined to answer whether a preclusive judgment is required. *Id.* at 434.

St. Jude argues that it has secured a material alteration of the parties' legal relationship because Akiane can no longer sue it in this court. It cites some trial court opinions from this district and others that have interpreted *CRST* to authorize an award of fees to a defendant who secures a dismissal for lack of personal jurisdiction. *See Direct Fitness Solutions, LLC v. Direct Fitness Solutions, LLC*, 281 F. Supp. 3d 697, 702 (N.D. Ill. 2017); *Megna v. Biocomp Labs., Inc.*, 225 F. Supp. 3d 222 (N.D.N.Y. 2016). St. Jude's broad view that any procedural victory that results in dismissal or transfer of the case makes one a prevailing party fails to persuade, however, in light of longstanding guidance from the Seventh Circuit.

In *Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923 (7th Cir.2000), the Seventh Circuit charted the proper path between these maximalist positions. The court of appeals held, consistent with the Supreme Court's later holding in *CRST*, that a ruling "on the merits" is not necessary for prevailing party status. *Id.* at 929-30 ("The alternative of limiting 'prevailing' to 'prevailing on the merits' has nothing to recommend it."). Moreover, the Seventh Circuit has answered the question that *CRST* left for another day, that is, it has held that a litigant must secure a conclusive victory, ending the litigation, to be considered a prevailing party entitled to attorney's fees. "A declaration that the plaintiff and others like it are not even entitled to sue" reflects an alteration of the parties' legal relationship, but when a defendant "persuade[s] the court that the plaintiff has sued too soon, or in the wrong court… the dispute will continue later, or elsewhere, and it remains to be seen who will prevail." *Id.* at 929-30. In short: a litigant does not need to win on the merits of his claims or defense to prevail; in many cases victory on a jurisdictional point will suffice to materially alter the parties' legal relationship. But a procedural victory that "merely prolongs litigation" will not. *Id.*

St. Jude won the battle in this court, but it has not yet won the war. A judgment holding that Akiane cannot sue St. Jude in this Court altered this specific aspect of the parties' relationship, but the alteration is not material because it did not "foreclose[] the plaintiff's claim." *Id.* at 930. The dismissal was without prejudice to the reassertion of Akiane's claims in a court that could assert personal jurisdiction over St. Jude, and indeed, Akiane immediately reasserted its claims in the Eastern District of Pennsylvania. St. Jude won on a contested issue that was no doubt important to it, but it "just put off the evil day," *Id.*, and still must face the same claims from Akiane, albeit in a different forum. It is not, then, a prevailing party within the meaning of 17 U.S.C. § 505.[1]

---

[1] Because the Court concludes that St. Jude is not a prevailing party, it need not take up the parties' arguments as to whether the Court should exercise its discretion to grant an award of fees. The Court also declines to award fees under Rule 11. St. Jude contends that Akiane violated Rule 11 by alleging that the Court could assert general personal jurisdiction over all the defendants. Mot. for Fees at 4, ECF No. 66. This turned out to be wrong, but when Akiane responded to St. Jude's motion to dismiss, it withdrew that allegation and argued only for the existence of specific

So much for fees, but what about costs? Akiane suggests that awarding costs was improper. Resp. 6, ECF No. 68. Rule 54 provides that costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). One might conclude from the discussion above that St. Jude isn't entitled to costs, either. But 28 U.S.C. § 1919, entitled "Dismissal for Lack of Jurisdiction[,]" provides that "[w]henever any action or suit is dismissed in any district court… such court may order the payment of just costs." Under this statute, there is no requirement that costs be awarded only to a prevailing party. The Court has discretion to award costs, and given that Akiane's arguments for personal jurisdiction over St. Jude were tenuous at best, will not reverse course on its grant of costs to St. Jude.

\* \* \* \* \*

For these reasons, St. Jude's motion for an award of attorney's fees [66] is denied. The Court takes no position on whether, should St. Jude ultimately prevail in the Eastern District of Pennsylvania, it may recover attorney's fees incurred defending against this action in the Northern District of Illinois.

Date: March 29, 2022

John J. Tharp, Jr.
United States District Judge

---

personal jurisdiction. It is certainly problematic that the plaintiff alleged a basis for jurisdiction that it should have known did not exist, but the Court ultimately did not have to waste time sorting through those allegations. The Court also agrees with St. Jude that Akiane made a mess of this lawsuit by suing three defendants, all located in different jurisdictions, two of whom were dismissed for lack of personal jurisdiction, and who were, as far as the Court could tell, unrelated by any common questions of law and fact. The dismissals of Mardel and St. Jude, however, obviated any need for the Court to consider whether parties were improperly joined. An award of fees would be a disproportionate sanction for Akiane's misconceived approach to this suit.